IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 9 2005

JOHN F. CORCORAN, CLERK
BY: /s/ 
DEPUTY CLERK

| | |
|---|---|
| MATTHEW J. BENNETT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:04CV00705 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

This case is before the court on plaintiff's motion to reconsider. In a memorandum opinion and order dated March 29, 2005, the court dismissed this case on defendant's motion, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On May 2, 2005, the court granted the defendant's April 26, 2005 request for a time extension in which to file a motion to reconsider. The plaintiff then filed this motion on May 19, 2005 requesting the court to reconsider its decision granting defendant's motion to dismiss.

The plaintiff fails to refer to a specific Federal Rule of Civil Procedure, but he has styled his motion as a motion to reconsider. The motion was filed more than ten days after the judgment, however. Therefore, it can not be treated as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). As a result, the court will treat plaintiff's motion as a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b). Under that Rule, a party may move the court to relieve him from a final judgment on the basis of, among other reasons, mistake, inadvertence, surprise, or excusable neglect or for any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b). However, this rule does not "authorize a motion merely for reconsideration of a legal issue." <u>United States v. Williams</u>, 674

F.2d 310, 312 (4th Cir. 1982); CNF Constructors, Inc. v. Donohoe Construction Co., 57 F.3d 395, 400 (4th Cir. 1995).

In his motion, Bennett states that he did not receive the court's order of dismissal until April 14, 2005, due to a change of address. He has asked the court to reconsider its previous ruling granting defendant's motion to dismiss on the following grounds: (1) the regulation permitting the Internal Revenue Service (IRS) to override his W-4 is in contradiction to the Internal Revenue Code and is not authorized; (2) the regulation is not authorized by the particular code section at issue; (3) even if the regulation was authorized, the IRS did not follow proper procedures in its request to plaintiff's employer; (4) plaintiff did not fail to exhaust his administrative remedies; and (5) the plaintiff rescinds his original request for the return of previously collected taxes and requests only injunctive relief to prevent the IRS from continuing to override his W-4. With regard to items (1) through (4) above, the court has previously decided these legal issues in its earlier memorandum opinion and order. It appears, therefore, that plaintiff is simply requesting the court to change its mind. A motion to reconsider on those grounds is not authorized by Rule 60(b). See United States v. Williams, supra, 674 F.2d at 313.

With regard to item (5) in the plaintiff's motion, the court notes that it previously held that even injunctive relief alone would be barred in this case based on the operation of the Anti-Injunction Act, 26 U.S.C. § 7421(a). See Opinion at p.11. Therefore, Bennett's offer to rescind his request for the return of collected taxes would not change the court's original ruling. Furthermore, the court declines to reconsider its previous ruling that the Anti-Injunction Act applies to bar injunctive relief in this case for the reasons noted above. For the foregoing reasons, therefore, the court will deny plaintiff's motion to reconsider.

The Clerk is directed to send certified copies of this Opinion and the accompanying Order to plaintiff and counsel for the defendant.

ENTER: This 9th day of June, 2005.

/s/ Glen E. Conrad
United States District Judge

3